(December 21, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

FRANK T. ZUKE, Appellant.—Casey, J. Appeal, by permission, from an order of the County Court of Tioga County (Mathews, J.), entered January 13, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of two counts of the crime of manslaughter in the second degree, after a hearing.

Defendant's conviction arises out of a two-car accident which resulted in the death of two people. Defendant, his brother Michael Zuke, and his brother-in-law Fred Craft were in one vehicle. The decedents were occupants of the second vehicle. After waiving indictment, defendant entered an *Alford* plea of guilty *(see, North Carolina v Alford,* 400 US 25) to two counts of manslaughter in the second degree. The transcript of the plea indicates that defendant had no recollection of whether he was the driver of the vehicle, but was entering the plea on the basis of the evidence which the People intended to present against him at trial. This evidence included statements made by defendant, his brother and Craft indicating that defendant was the driver, and two witnesses who had observed defendant get behind the wheel of the vehicle at the bar where he had been drinking immediately before the accident. Based upon his plea, defendant was sentenced to two concurrent prison terms of 2½ to 7½ years.

Thereafter, defense counsel learned that the District Attorney may have had some exculpatory material which he had failed to produce in response to defendant's request *(see, Brady v Maryland,* 373 US 83). Defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction. Following a hearing, County Court denied the motion and this appeal ensued.

The alleged exculpatory material consists of opinions and observations of two firemen, Carl Hoaglin and Charles Jewett, who arrived at the scene shortly after the accident. One of the first persons to arrive at the scene testified that he saw Michael Zuke sitting in the front seat next to the passenger door and that defendant was next to his brother, with his legs straddling the center hump and his upper torso slumped toward the driver's door. Craft was lying face down on the ground on the passenger side of the vehicle; no doors were open, but the passenger window was open. Hoaglin and Jewett arrived shortly thereafter. They saw Craft behind the car, either leaning or sitting on the trunk lid, smoking a cigarette. The driver's door of the vehicle was open and the other three doors were either jammed or locked. In response to a question as to how he had exited the vehicle, Craft replied "out the

door". Based upon these observations, Hoaglin and Jewett concluded that Craft was the driver, and they conveyed these observations and opinions to the District Attorney.

The test in a case such as this is whether "it is reasonably probable that defendant would not have pleaded guilty" if the alleged exculpatory material had been turned over by the District Attorney (People v Armer, 119 AD2d 930, 932). In our view that test has not been met here. As to the opinions of Hoaglin and Jewett, it is clear that they were not based on a complete knowledge of all the relevant facts,* and neither Hoaglin nor Jewett had any expertise in accident reconstruction. Even assuming that the opinions would have been admissible at trial, they are of little probative value when weighed against the People's evidence which prompted defendant's plea. Hoaglin's and Jewett's observations are equally lacking in probative value, for they are not inconsistent with the conclusion that defendant was the driver. At best, the observations support the type of speculation, based upon incomplete knowledge of the relevant facts, engaged in by Hoaglin and Jewett. Even with this evidence, it is unlikely that defendant would have elected to proceed to trial, in view of the evidence available to the People and the possibility of a considerably larger sentence than that produced by the plea bargain.

Order affirmed. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.

---

* Hoaglin and Jewett were not aware that Craft was first observed lying face down on the ground on the passenger side of the vehicle. Nor were they aware of defendant's admission at the scene that he was the driver and the statements of the other two occupants of the vehicle naming defendant as the driver.